# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT LAMAR SPEARS, | No. 4:20-CV-01567 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN SPAULDING, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 22, 2021

Presently before the Court is Petitioner Dwight Lamar Spears's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging his federal conviction in the United States District Court for the District of South Carolina for conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C. § 1114.[1] Respondent submitted an answer,[2] and Petitioner filed a traverse.[3] Thus, the petition is ripe for decision.

For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

---

[1] Doc. 1.
[2] Doc. 10.
[3] Doc. 11.

I. **BACKGROUND**

On July 23, 2018, a jury convicted Spears of conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(A).[4] On December 4, 2008, Spears was sentenced to 240 months imprisonment.[5]

Spears filed a direct appeal to the United States Court of Appeals for the Fourth Circuit, which found that the evidence did not support a conviction under 18 U.S.C. § 115(a)(1)(A) or under § 115(a)(1)(B), but "[r]ather, the evidence supports his conviction for his unambiguous participation in the conspiracy to murder a federal law enforcement officer in violation of 18 U.S.C. § 1114."[6] The Fourth Circuit held that the proper remedy in this circumstance was to resentence Spears under the correct statute.[7] Thus, the Fourth Circuit affirmed in part, vacated in part and remanded the case to the district court for resentencing for a conviction under 18 U.S.C. § 1114.[8]

On May 13, 2010, Spears was resentenced to 240 months imprisonment, but the judgment failed to change the conviction from § 115(a)(1)(A) to § 1114.[9] Spears again appealed, but the Fourth Circuit declined to address his claims under the mandate rule because his claims were unrelated to the limited remand in *Spears*

---

[4] *See United States v. Spears*, No. 7:08-cr-00112 (D.S.C.).
[5] *Id.*
[6] *United States v. Spears*, 350 F. App'x 808, 809 (4th Cir. 2009) (*Spears I*).
[7] *Id.*
[8] *Id.*
[9] *See United States v. Spears*, No. 7:08-cr-00112 (D.S.C.), Docs. 209, 219-220.

*I*.[10]  The Fourth Circuit affirmed Spears' 240-month sentence, but remanded "for correction of the clerical error in the second amended judgment, showing that Spears was convicted under § 115 rather than § 1114, as we directed in *Spears I*."[11] The district court issued a Third Amended Judgment which reflects Spears' conviction under § 1114.[12]

On October 19, 2012, Spears filed a motion to vacate under 28 U.S.C. § 2255, claiming ineffective assistance of counsel for not challenging the erroneous statute charged in the indictment.[13]  Specifically, Spears claimed that: (1) the court erroneously charged the jury on two statutory sections which constructively amended the indictment; (2) his counsel failed to argue that he could not be sentenced for more than five years under 18 U.S.C. § 371; (3) the district court lacked jurisdiction to impose a sentence under § 1114; (4) his resentencing violated the Sixth Amendment; and (5) his attorney failed to argue that the reading of two different conspiracy statutes (§ 115(a)(1)(A) and § 371) during the jury charges resulted in an ambiguous declaration which should have also been raised by appellate counsel on direct appeal.[14]

---

[10]  *United States v. Spears*, 432 F. App'x 242, 243 (2011) (*Spears II*).
[11]  *Id.*
[12]  *See United States v. Spears*, No. 7:08-cr-00112 (D.S.C.), Doc. 243.
[13]  *See United States v. Spears*, No. 7:08-cr-00112 (D.S.C.), Doc. 267.
[14]  *Id.*

3

By Order dated July 24, 2015, the district court denied the § 2255 motion, finding that the Fourth Circuit had already addressed Spears's claims regarding erroneous jurisdictions and a statutory maximum sentence of five years under § 371 on appeal; Spears's jurisdictional challenge to his sentence under § 1114 is barred by the "law of the case doctrine" because in resentencing him, the district court was following the instructions under the mandate of the Fourth Circuit; that Spears's Sixth Amendment challenge lacks merit because the Fourth Circuit found that evidence supported his conviction under § 1114; and rejected Spears's claim concerning ambiguous jury charges because, although the Fourth Circuit found the charges on two different conspiracy statutes (§§ 115(a)(1)(A) and 371) to be in error, again, evidence supported his conviction under § 1114.[15] Both the district court and the Fourth Circuit denied Spears a certificate of appealability.[16]

On July 17, 2020, Spears filed an application for leave to submit two successive § 2255 motions to the sentencing court, asserting ten challenges to the decision to change the statute of his conviction to § 1114.[17] On August 20, 2020, the Fourth Circuit denied Spears' application to file a successive petition.[18]

---

[15] *See United States v. Spears*, No. 7:08-cr-00112 (D.S.C.), Doc. 357.
[16] *See United States v. Spears*, No. 7:08-cr-00112 (D.S.C.), Doc. 432; *United States v. Spears*, 738 F. App'x 222 (4th Cir. 2018).
[17] *In Re: Dwight Spears*, No. 20-389 (4th Cir. Aug. 12, 2020).
[18] *Id*.

On August 31, 2020, Spears filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he again challenges the Fourth Circuit's remand and the district court's resentencing of Petitioner under § 1114.[19] For relief, Spears requests this Court "vacate the unconstitutional conviction and sentence and dismiss the indictment which fails to charge a federal offense and order and immediate release from confinement."[20]

## II. DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255."[21] A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[22] A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[23] This language in § 2255, known as the safety-valve clause, must be strictly

---

[19] Doc. 1.
[20] *Id.*
[21] *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez,* 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
[22] S*ee Boumediene v. Bush,* 553 U.S. 723, 774-75 (2008)*; Russell v. Martinez,* 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
[23] 28 U.S.C. § 2255(e).

construed.[24] Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[25] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[26]

In sum,

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[27]

---

[24] Dorsainvil, 119 F.3d at 251; Russell, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law"). .
[25] *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).
[26] *Id.* at 539.
[27] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

Spears has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. § 2255. Therefore, he can only bring a challenge under § 2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. Spears has failed to meet this burden. He has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Because Spears fails to meet his burden of demonstrating that § 2255 is inadequate or ineffective the challenge the legality of his detention, the § 2241 petition will be dismissed for lack of jurisdiction.

## III. CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge